IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:10-cv-01036-TJC-TEM

ROBERT CHUTE,

    Plaintiff,

v.

BLACKROCK ASSET MANAGEMENT, LLC,
a corporation, and LUIS CARRERA, an individual,

    Defendants.
_____/

## AMENDED COMPLAINT

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, ROBERT CHUTE ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, BLACKROCK ASSET MANAGEMENT, LLC, ("Defendant") or ("BAM") is a corporation who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. At all relevant times herein, Defendant, LUIS CARRERA ("Defendant Carrera") was the Chief Executive Officer of Defendant BAM. As an officer, shareholder and/or director of Defendant BAM, Defendant Carrera was responsible for the overall success of the company. Defendant Carrera is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant BAM's business; as the CEO of Defendant BAM, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant BAM's affairs and Defendant Carrera continued to play a key role in maintaining and expanding Defendant BAM's debt collection activities throughout the time in question.

8. Defendants are a "debt collectors" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In or around late August 2010, Defendants' debt collectors contacted Plaintiff by telephone in an attempt to collect a debt allegedly stemming from a Radio Shack account which Defendants claimed had remained due and owing since 2004.

13. When Plaintiff challenged Defendants' collector on the alleged debt, stating that he hadn't made a payment since at least 2001 or 2002 and inquired as its effect on the applicable statute of limitations to sue on an alleged debt, Defendants' collector stated, "Well, it looks like someone paid on this debt sometime in 2007.  It doesn't matter who pays on your debt, what matters is that we can still sue you under the statute of limitations."  Defendants' statements were a material misrepresentation of both law and fact and also misrepresented the character and status of the alleged debt.

14. Both during one of Defendants' numerous phone calls to Plaintiff and by way of its August 30, 2010 collection letter to Plaintiff, Defendants repeatedly threatened legal action on an alleged debt that was past the applicable statute of limitations.

15. In addition, Plaintiff has repeatedly informed Defendants that he has been on Social Security Disability Income ("SSDI") since 2004 and that the same is immune from attachment.

16. Despite the Plaintiff's repeated statements to that effect, Defendants' collectors continued to threaten Plaintiff with ligation and the seizing of Plaintiff's income and assets.

17. Given that the alleged account was past the applicable statute of limitations and

the Plaintiff's income cannot be legally subject to garnishment, the same statements by the Defendants constituted threatening to take an action that cannot legally be taken, or that was not intended to be taken.

18. By virtue of the acts described in paragraph 12 through 17 herein, Defendants did claim, attempt, or threaten to enforce a debt with the knowledge that the debt is not legitimate, or assert the existence of some other legal right with the knowledge that the right does not exist.

19. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST BAM

25. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

26. Defendants violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt with the knowledge that the debt is not legitimate, or asserting the existence of some other legal right with the knowledge that the right does not exist.

27. As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ROBERT CHUTE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

28.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 1st day of April, 2011.

    Respectfully submitted,
    **ROBERT CHUTE**

    By:    /s/ Alex Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFF
    5722 S. Flamingo Rd, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com